# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BARBARA FENDER,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:06-cv-108 |
| **CLINCH COUNTY, GEORGIA,** | : |
| **LANIER COUNTY, GEORGIA,** | : |
| **ATKINSON COUNTY, GEORGIA** | : |
| operating as **TRI-COUNTY JOINT** | : |
| **EMERGENCY 911** and **TRI-COUNTY** | : |
| **JOINT EMERGENCY 911,** | : |
| Defendants. | : |

## **ORDER**

Plaintiff Barbara Fender ("Fender") filed her Complaint (Doc. 1) in the Court on October 27, 2006. In addition, Fender filed a Motion to Proceed In Forma Pauperis (Doc. 2). For the reasons set forth below, the Motion to Proceed In Forma Pauperis is granted in part.

### I.     MOTION TO PROCEED IN FORMA PAUPERIS

The two-step procedure a district court follows in processing a complaint filed pursuant to 28 U.S.C. § 1915 is well established.

> Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. . . . Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious.

1

Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).

Here, Fender submitted a financial affidavit in which, under penalty of perjury, she attested to her financial condition. A review of Fender's affidavit reveals that she is unemployed, but when last employed, in April 2006, she made $2320.00 per month. In addition, although her husband is currently employed earning $1,240.00 a month, the family's expenses total $1266.00 per month. The Fenders are in bankruptcy, support three children, and have very little savings. The filing fee required for civil actions filed in this Court is $350.00. In the opinion of the Court, Fender has sufficient assets and/or income to pay a portion of this fee but not the entire amount. Accordingly, the Complaint may be filed without prepayment of the entire $350.00 fee, but Fender is required to pay $100.00. The Court must now analyze whether Fender's claim is frivolous, malicious or meritless.

Fender contends she applied for the position of Director of Tri-County Joint Emergency 911 and although she received an interview, Defendants instead chose to hire a white male who did not apply for the position, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). Taking Fender's allegations as truthful, which the Court is obliged to do at this stage in the litigation, the Court finds her claim is not frivolous, malicious or meritless and therefore need not be dismissed under § 1915(e)(2)(B).

### III.    CONCLUSION

Fender's Motion to Proceed In Forma Pauperis (Doc. 2) is granted in part. The Court

hereby orders Fender to pay a partial filing fee of $100.00. Fender shall have forty-five (45) days from the date of her receipt of this order to pay the required partial filing fee to the clerk of court or to explain why she is not able to do so. Failure to make the required partial payment or to provide satisfactory explanation shall result in the dismissal of this lawsuit. There shall be no service in this case until further order of the Court.

**SO ORDERED**, this the 7th day of November, 2006.

s/    Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl