# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BARBARA FENDER,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:06-cv-108 |
| **CLINCH COUNTY, GEORGIA,** | : |
| **LANIER COUNTY, GEORGIA,** | : |
| **ATKINSON COUNTY, GEORGIA** | : |
| operating as **TRI-COUNTY JOINT** | : |
| **EMERGENCY 911 and TRI-COUNTY** | : |
| **JOINT EMERGENCY 911,** | : |
| Defendants. | : |

# ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 23). For the reasons set out below, the Motion is granted and the claims against each of the Defendants are dismissed with prejudice.

## I. INTRODUCTION

Plaintiff applied for the position of director of the Tri-County E-911 ("the Authority") on May 6, 2005 and was interviewed on June 13, 2005. During her interview, Plaintiff was asked whether she had children and what kinds of child care arrangements she would have

1

during her employment. Ultimately, Plaintiff was not selected and a man was hired for the position instead. Defs.'s Statement of Undisputed Facts ("Defs.'s Facts") ¶ 8. Plaintiff brings suit under Title VII alleging sex discrimination.

The parties agree that the prospective employer in this case was the Authority. Defendants have moved for summary judgment on the grounds that the Authority is not liable because only those employers with fifteen or more employees are subject to suit under Title VII, and the Authority did not have any employees at the time the position was filled. Plaintiff concedes that the Authority was the employer, but argues that under the facts of this case the county governments and the Authority should be treated as one employer, and their number of employees should be aggregated.

## II. FACTS

In October 2001, Clinch County, Lanier County, and Atkinson County created the Authority by joint resolution as permitted by O.C.G.A. § 46-5-138.[1] Defs.'s Facts ¶ 7. Under Georgia law, two or more counties may create a joint authority for the purpose of operating emergency 911 systems. 1993 Ga. Laws 1368, amended by 1998 Ga. Laws 1017 (current version at O.C.G.A. § 46-5-138 (Supp. 2007)). An authority created under this statute has "all of the powers necessary or convenient to carry out and effectuate" the

---

[1]All parties agree that, although Tri-County E-911 Authority was not named as a defendant, this omission was a misnomer. All parties therefore treat Tri-County E-911 as a Defendant. Defs.'s Br. 1 n.1, Pl.'s Reply Br. 2 n.1.

provision of emergency 911 services, including but not limited to the power

> (1) [t]o bring and defend actions;
> (2) [t]o adopt and amend a corporate seal;
> (3) [t]o make and execute contracts and other instruments necessary to exercise the powers of the authority;
> (4) [t]o receive and administer gifts, grants, and devises of any property;
> (5) [t]o operate emergency call answering services for law enforcement, emergency management, fire, and emergency medical service agencies 24 hours a day, seven days a week, 365 days a year;
> (6) [t]o acquire, by purchase, gift, or construction, any real or personal property desired to be acquired to operate the emergency 9-1-1 system;
> (7) [t]o sell, lease, exchange, transfer, assign, pledge, mortgage, dispose of, or grant options for any real or personal property or interest therein for any such purposes; and
> (8) [t]o mortgage, convey, pledge, or assign any properties, revenues, income, tolls, charges, or fees owned or received by the authority.

O.C.G.A. § 46-5-138(c). In addition, the Authority maintains its own bank accounts, taxpayer identification number, retirement and insurance benefit plans, and payroll. Defs.'s Facts ¶ 10.

When Plaintiff interviewed for the position of director, the Authority had not yet hired any employees. Id. ¶ 2, 8. In fact, at no time during its existence has the Authority had fifteen or more employees. Id. ¶ 9. The parties do not dispute, however, that aggregating the employees of the Authority and the counties will result in a total of fifteen or more employees.

## III. ANALYSIS

**A. Standard on a Motion for Summary Judgment**

Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-movant must point to a genuine factual dispute, not just a "metaphysical doubt." Matsushita Elec. Indus. Co. v. Zenitsh Radio Corp., 475 U.S. 574, 586 (1986). On a motion for summary judgment, the movant has the initial burden to demonstrate that the non-movant lacks evidence to support an essential element of its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the non-movant, who must come forward with some evidence that would allow a jury to find in his favor, even if that evidence is disputed. Id. The court takes the facts in the light most favorable to the non-moving party when ruling on a motion for summary judgment. Stanley v. City of Dalton, 219 F.3d 1280, 1287 (11th Cir. 2000).

**B. Title VII "Employers"**

    1. Standard

As a threshold matter in Title VII cases, a plaintiff must prove that the defendant has at least fifteen employees to meet the statutory definition of "employer." Lyes v. City of Riviera Beach, 166 F.3d 1332, 1340-41(11th Cir. 1999). In Lyes, the Eleventh Circuit addressed the appropriate test for determining whether separate local governmental entities should be aggregated as a single employer for the purposes of meeting the statutory definition of "employer" under Title VII. Id. at 1341. The Lyes court held that "where a state legislative body creates a public entity and declares it to be separate and distinct, that

declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII." Id. at 1344. This presumption functions to protect a state government's power to shape its own institutions. Id. at 1344. If a "factfinder reasonably could conclude that the plaintiff has *clearly* overcome the presumption" that the entities are separate then the number of employees for the entities is aggregated. Id. at 1345 (emphasis in original). The standard is high, however, and the presumption is only overcome with strong evidence. Id.

Nonetheless, in some instances it may be appropriate to treat two local entities as a single employer. The Eleventh Circuit articulated two tests for deciding whether to aggregate distinct government employers: the "purpose" test and the totality of the circumstances test. First, the entities' employees may be aggregated if the plaintiff can show that the "state's *purpose* of creating nominally separate entities was to evade the reach of the federal employment discrimination laws," although it is unlikely that a state would do so. Id. at 1344 (emphasis added). Second, absent an intent to escape liability under Title VII, local entities are aggregated when, under the totality of the circumstances, "other factors so plainly indicate integration that they clearly outweigh the presumption that the entities are distinct." Id. Under this test, if one entity controls the "fundamental aspects of the employment relationship that gave rise to the claim" then treating the entities as one employer may be appropriate. Id. at 1345. Relevant factors in this analysis include, but are not limited to: a centralized control of labor operations, responsibility for training or paying the plaintiff, and the power to hire, fire, and dictate work assignments. Id.

## 2. Application

In the present case, the parties do not dispute that the Lyes presumption attaches. Furthermore, Defendants have met their burden to point to an absence of evidence that the counties and the Authority should be treated as a single employer under Title VII: they highlight the Authority's separate bank accounts, taxpayer identification number, payroll, and benefit plans. The burden therefore falls on Plaintiff to demonstrate that a reasonable jury could find "that the presumption of distinctness is clearly outweighed" under either the purpose test or the totality of the circumstances test. Id. at 1345-36.

Plaintiff has presented no evidence that the state's intent in creating separate entities for the provision of joint 911 services was to escape Title VII liability. She nonetheless contends that Lyes's purpose test is satisfied in this case because the hiring process in this case did *in fact* work to evade federal law. This argument is directly at odds with the holding in Lyes, however, which requires a showing that the state created a separate entity with the intent to avoid liability.

She next advocates for aggregation under the totality of the circumstances test, citing two facts to support her contention. First, each of the counties maintains an ownership interest in the Authority's equipment. Second, she cites a provision of the intergovernmental agreement between the counties that says an "action taken by the Authority shall be binding upon the Participating Counties, unless specifically rescinded or disapproved by the Board of Commissioners of any Participating County within thirty (30) days in which event the action taken by the Authority shall be null and void, and of no further effect." Pl.'s Reply

Br. 11-12. This "veto power," according to Plaintiff, demonstrates control over hiring and firing.

Unfortunately, Plaintiff has not attached a copy of this agreement to her brief. Even if she had, however, it would not be sufficient to overcome the strong presumption articulated in Lyes. There is no evidence that the Boards of Commissioners of the three counties had control over the fundamental aspects of the position in question. They did not have the power to hire or to fire, provide training, or set the schedule of the director. The power to *veto* hiring decisions, if that is indeed a power the Boards had, is one step removed from the power to make the hiring decision itself. It does not amount to the kind of high level of integration that is required to treat separate state entities as one individual employer. In addition, the ownership interest that the counties allegedly maintain over the Authority's equipment is irrelevant under the analysis, which examines the level of control over employment, not equipment. See Lyes, 166 F.3d at 1345. Plaintiff has therefore failed to meet her burden to establish a genuine issue of disputed material fact regarding whether the presumption of distinctness is clearly rebutted.

**IV. CONCLUSION**

The Court grants Defendants' Motion for Summary Judgment (Doc. 23) and dismisses all claims against all Defendants.

**SO ORDERED**, this the 15th day of January, 2008.

7

*s/    Hugh Lawson*
				**HUGH LAWSON, JUDGE**

tch